UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

FILED
2019 MAR 26  A 11: 51
U.S. DISTRICT COURT
N.D. OF ALABAMA

RICKY BOZEMAN

    Plaintiff,

V.

CENTRICITY, INC. fka BONDED
BUILDERS WARRANTY GROUP

    Defendants

PLAINTIFF'S COMPLAINT

CASE NO.:
5:19-CV-487-LCB

Jury Trial Demanded

Ricky Bozeman, (hereinafter referred as "Plaintiff"), appearing *In Pro Per*, alleges herein as follows:

## INTRODUCTION

This is an equitable action brought by Plaintiff against Centricity, Inc. (hereinafter referred to as "Centricity"), formerly known as Bonded Builders Warranty Group, a Florida Corporation, which is in the business of providing warranty work for real estate projects. Plaintiff's home is but one of thousands which Defendant Centricity has provided a builder's warranty for and has breached its obligations, both within the terms of the express contract, as well as within the covenant of good faith and fair dealings.

Furthermore, Plaintiff alleges that Defendant acted in a negligent manner in assessing the damages and acted in an arbitrary manner in summarily denying his claim, which is in excess of the jurisdictional minimum of this Court.

Plaintiff further alleges that Defendant Centricity breached its warranty contract with him, failed to honor the existing warranty in place, that Defendant has obligation to protect their

workmanship and by providing quality products to its customers, including Plaintiff. The safety hazards described herein have caused Plaintiff tremendous out of pocket costs and necessitated bringing suit.

Plaintiff previously brought suit in this Court, however, pursuant to a *sua sponte* order issued to clarify jurisdiction and venue for this Court, failed to timely file.

Attached hereto are color photographs depicting the damages asserted herein. All color photographs attached hereto are incorporated fully throughout this Complaint, and are delineated separately as "Exhibit A"

## PARTIES

1. Plaintiff is a citizen and domiciled in the County of Madison, State of Alabama, and the lawful owner of a parcel of Real Property, (hereinafter "Subject Property"), commonly known as: 7018 Camrose Ln NW. Huntsville, AL 35806. The Property is located in Madison County, State of Alabama.

2. Defendant Centricity is and at all times herein mentioned was conducting ongoing business in the County of Madison, State of Alabama.

3. Defendant, Centricity is a foreign business corporation organized under the laws of the State of Florida. Plaintiff alleges that an individual is a citizen of the state in which he or she is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257–58 (citation and internal quotation marks omitted).

4. Upon information and belief, defendant Centricity merged with Bonded Builders Warranty Group and Bankers Warranty Group, and is incorporated under the laws of Florida, with its

primary place of business located at 1515 Highway A1A, #201. Indialantic, FL 3 PO Box 33026. Saint Petersburg, FL 33733-8026

5.  A corporation's citizenship derives from its state of incorporation and principal place of business. See 28 U.S.C. § 1332(c)(1). Centricity was incorporated in Florida, where it also has its principal place of business.

6.  Centricity is a service contract provider in multiple product categories, including Consumer Electronics, Home Appliances, Mobile Devices and more across the United States, Puerto Rico, and Canada.

7.  Recently, Defendant acquired and merged with Bankers Financial Corporation, a St. Petersburg-based insurance, surety, and business solutions company, Bankers Warranty Group and Bonded Builders Warranty Group. https://www.twice.com/retailing/bankers-warranty-bonded-builders-centricity-65132

## JURISDICTION AND VENUE

8.  This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 USC § 1332.

9.  Plaintiff is a citizen and domiciled in the state of Alabama and the Defendant is a foreign business entity organized and existing outside of Alabama. *See supra*. Further, the amount in controversy exceeds $75,000.00.

10. Venue lies in this District pursuant to 28 USC § 1391(b). The Subject Property at issue in the present lawsuit lies within the territorial limits of Madison County, State of Alabama.

## GENERAL ALLEGATIONS

11. This is an action arising under a ten-year Express Limited Major Structural Defect Warranty, which Defendant's predecessor in interest engaged into with Plaintiff at the purchase of his home in 2012.

12. By assuming the aforementioned predecessor in interest through a merger and acquisition, Defendant is liable for acts, and omissions by its predecessor in interest, including the claim denial of Plaintiff's injuries complained of.

13. Under the express terms of the warranty, Defendant is to repair any and all load-bearing elements of the home, however, denied Plaintiff his claim which was brought in May 2018.

14. The claim was (i) timely; (ii) covered within the scope and conditions of the warranty, and; (iii) was a covered item within the warranty.

15. Plaintiff's properly brought claim, in denying have placed Plaintiff in a position where the property is now uninhabitable, unsafe, and will costs hundreds of thousands of dollars in repairs to be brought back into appropriate condition.

16. Plaintiff further alleges that the builder of his home, Adams Homes, knew about the structural defects, however, ignored the safety risks and, instead, put Plaintiff in an unsafe situation, thereby breaching the contract and terms of the warranty. Adams Homes is currently a defunct entity, therefore are not named as a party to this action.

17. When Plaintiff first discovered the "cracks" in 2018, and subsequent issues, he timely filed a claim with Defendant, which, as noted, was denied despite overwhelming evidence, photographs

and statements which unequivocally and conclusively prove that the warranty was denied for a nefarious motive unknown to Plaintiff but covered under the contract.

18. Defendant, in June 2018, sent a third-party engineering firm to evaluate the damage Plaintiff complained of, however, failed to adhere to proper protocol when assessing the damage, and, as a result, Plaintiff's claim was denied, and he is forced to seek redress from this Court.

19. Plaintiff, by way of this action seeks for Defendant to honor its warranty, perform the repairs necessary to ensure that the property is both habitable and safe, and to punish Defendant for gross negligence and breach of its warranty contract.

## COUNT I – BREACH OF CONTRACT

20. Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates same by reference.

21. The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002)).

22. The parties, in 2012, entered into a valid, enforceable agreement, as set forth in the purchase agreement for the property.

23. Defendant has materially breached that agreement by (i) refusing to perform repairs under the agreement; (ii) refusing liability; and (iii) insisting that certain material terms, be excluded in denying Plaintiff's claims.

24. Plaintiff has and will continue to suffer injury if the agreement is not enforced.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant in an amount to be determined by jury along with interests and costs.

## COUNT II –NEGLIGENCE

25. Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates same by reference.

26. At all times pertinent hereto, Defendant had a duty to exercise reasonable care in the warranty agreed upon between the parties.

27. At all times pertinent hereto Defendant had a duty to honor its warranty provided to Plaintiff in consideration for monies.

28. At all times pertinent hereto Defendant had a duty to inspect, investigate and remedy any claim brought by Plaintiff was dangerous.

29. At all times pertinent hereto Defendant had a duty to exercise the same degree of care that Defendant and its employees would exercise in any other warranty claim.

30. Defendant breached its duties to exercise reasonable care in the denial of the claim, to honor its duties under the express terms and conditions of the contract by summarily denying Plaintiff's claim despite overwhelming evidence of wrongdoing.

31. The negligent conduct of Defendant is the actual and proximate cause of the Plaintiff's injuries and damages stated herein.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant in an amount to be determined by jury along with interests and costs.

## COUNT III- EXPRESS WARRANTY CLAIM

32. Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates same by reference.

33. The Alabama Commercial Code explicitly makes notice a condition precedent to any claim of breach of warranty: "(3) Where a tender has been accepted: (a) The buyer must within a

reasonable time after he discovers or should have discovered any breach n*otify the seller of breach or be barred from any remedy*." Ala. Code § 7- 2-607(3)(a) *see also Parker v. Bell Ford, Inc.*, 425 So. 2d 1101, 1102 (1983).

34. Here, Plaintiff notified the Defendant, as noted above, and is thus entitled to the provisions contained within Ala. Code § 7- 2-607(3)(a).

35. Plaintiff alleges that there is no distinction between implied warranties and express warranties insofar as precondition is concerned within Alabama Law.

36. Affirmatively pleading notice is critical to the stating of a claim for breach of warranty under Alabama law. *See Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285-86 (M.D. Ala. 2001). As noted, notice was provided on an actual, and constructive basis.

37. The purpose of the § 7-2-607 notification requirement is twofold: "First, express notice opens the way for settlement through negotiation between the parties. . . .. Second, [it] minimizes the possibility of prejudice to the seller by giving" him a chance to cure or take any act necessary to defend himself or minimize damages. *Jewell v. Seaboard Indus., Inc.*, 667 So. 2d 653, 660 (1995) (internal quotation marks omitted).

38. The Supreme Court of Alabama has abrogated the notice requirement in a very few circumstances where the purposes of the requirement are ill-served. *See Simmons v. Clemco Indus.*, 368 So. 2d 509, 524-15 (Ala. 1979) (holding that a warranty beneficiary who suffers a personal injury need not give notice, because warranty beneficiaries are not "buyers", and notice is inconsequential in preventing or mitigating harm in these situations). The purposes of the notice requirement was met by Plaintiff.

39. Alabama law imposes an implied warranty of merchantability upon the sale of a good, unless the parties contract to do something different. *Bagley v. Mazda Motor Corp.*, 864 So.2d

301, 314–15 (Ala.2003) ("Unless specifically disclaimed, implied warranties are created upon the sale of goods."); *Cheminova Am. Corp. v. Corker,* 779 So. 2d 1175, 1180 (Ala. 2000) ("A sale of a product that is not fit for use as described violates the implied warranty of merchantability—that the product is fit for its intended purpose—an implied warranty that ... accompanies each sale by a merchant. § 7–2–314, Ala. Code 1975.").

40. Specifically, Ala. Code section 7–2–314 provides that "[u]nless excluded or modified ([by] Section 7–2–316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Ala. Code § 7–2–314(1)

41. Here, Plaintiff meets each and every statutory state provision, and has thus stated a plausible claim for relied, and associated remedies in conjunction thereof.

**WHEREFORE, ABOVE PREMISES CONSIDERED,** Plaintiff demands judgment against the Defendant in an amount to be determined by jury along with interests and costs.

## COUNT IV- IMPLIED WARRANTY OF MERCHANTABILITY

42. Plaintiff adopts each and every material allegation of the preceding paragraphs as if fully set out herein and incorporates same by reference.

43. Section 7-2-314 Alabama Code 1975 provides in pertinent part that in a commercial transaction there is "... (1) [unless modified], a warranty that the goods shall be merchantable [and that] (2) [g]oods [are] merchantable [if they] (c) [a]re fit for the ordinary purposes for which such goods are used...." The concept of merchantability developed in common law and courts began to adopt the term as a means of comparing the worthiness of goods to other like it in the marketplace.

44. The intent was to determine if the subject goods would conform to what would customarily be expected of such products by the end users.

45. These principles were codified in the Uniform Sales Act and later into the Uniform Commercial Code. The State of Alabama adopted the Uniform Commercial Code including the implied warranty of merchantability as codified in Alabama Code section 7-2-314. (1975). *Bodie v. Purdue Pharma Company*, 236 F. App'x 511, 2007 WL 1577964 at **8-**10 (11th Cir. 2007) ("These provisions in the Alabama Code mirror the Uniform Commercial Code's provisions on the implied warranty of merchantability.")

46. In general, a Plaintiff can maintain an action predicated upon on a breach of the implied warranty of merchantability with proof of (1) a warranty, (2) a breach, and (3) damages resulting from that breach. Bodie, 236 F. App'x at 522 (*citing Barrington Corporation v. Patrick Lumber Co., Corp.*, 447 So.3d 785, 787 (Ala. Civ. App. 1984)).

47. Plaintiff has asserted material facts to maintain a cause of action for the foregoing.

**WHEREFORE, ABOVE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant in an amount to be determined by jury along with interests and costs.

### PRAYER FOR RELEIF

**WHEREFORE**, the above premises considered, Plaintiff demands judgment against the Defendant in an amount that exceeds the minimal jurisdictional limits of this Court in and which the fact finder may determine whether the same be compensatory or punitive, plus interest and all costs of this proceeding to be determined by the trier of facts.

### PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully submitted this ___ Day of March 2019

Case 5:19-cv-00487-LCB   Document 1   Filed 03/26/19   Page 10 of 10

_[signature]_

Ricky Bozeman, *In Pro Per*
7018 Camrose Ln NW.
Huntsville, AL 35806
Tele: 256-842-8469
Email: ricky.l.bozeman3.civ@mail.mil