FILED
2019 Nov-04 AM 10:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RICKY BOZEMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:19-cv-00487-LCB |
| CENTRICITY, INC. f/k/a BONDED BUILDERS WARRANTY GROUP, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This is an action to remedy a contractual dispute. The case is before the Court on the Defendant Bonded Builders Home Warranty Association of South Carolina Inc.'s motion to dismiss *pro se* Plaintiff Ricky Bozeman's complaint. The Plaintiff asserts four causes of action against the Defendant: breach of contract (Count I) (Doc. 1, p. 5); negligence (Count II) (Doc. 1, p. 6); breach of express warranty claim (Count III) (Doc. 1, p. 6); and breach of implied warranty of merchantability (Count IV) (Doc. 1, p. 8). The Defendant asks the Court to dismiss Counts II-IV of the Plaintiff's complaint for failure to state a claim for which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 5, pg. 1). For the reasons stated below, the Court finds that the Defendant's motion is due to be granted.

1

## I. BACKGROUND

The Plaintiff purchased his home in 2012 and entered a ten-year Express Limited Major Structural Defect Warranty with Bonded Builders Warranty Group, whom he alleges is the Defendant's predecessor. (Doc. 1, ¶ 11).[1] In May 2018, the Plaintiff filed a claim with the Defendant to repair the cracks in his home under the express terms of the warranty. (Doc. 1, ¶ 13). The Defendant sent a third party engineering firm to evaluate the home's damage. (Doc. 1, ¶ 17). The Plaintiff claims that because the engineering firm did not adhere to the proper protocol when assessing the damage, his claim was denied. (Doc. 1, ¶ 17). The Plaintiff also alleges that because his claim was not addressed, his property is now uninhabitable and it will cost him a large sum of money to repair the damage. (Doc. 1, ¶ 15). The Plaintiff asks the Court to make the Defendant honor the warranty and perform the necessary repairs. Additionally, he asks the Court to punish the Defendant for breach of warranty and gross negligence. (Doc. 1, ¶ 19).

## II. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure mandates that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A pleading does not have to include "detailed

---

[1] In its Motion to Dismiss, the Defendant states that it is Bonded Builders Home Warranty Association of South Carolina, Inc., and was improperly named as Centricity, Inc. in the complaint.

factual allegations" in order to survive. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a complaint cannot simply have "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

A defendant can move to dismiss a complaint when he believes it is deficient. Rule 12(b)(6) allows defendants to request that the court dismiss a case for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order to survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When reviewing a motion to dismiss, the court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Hunt v. Aimco Properties*, 814 F.3d 1213, 1221 (11th Cir. 2016). Additionally, "a *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) *quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976). While the court may not be as strict with complaints from *pro se* complainants, they are

still required "to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) *quoting Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). Additionally, the court will not "serve as *de facto* counsel for a party or…rewrite an otherwise deficient pleading." *GJR Inv. Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) *overruled on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

### III. DISCUSSION

**A. Count Two – Negligence**

The Plaintiff alleges in Count II of his complaint that the Defendant was negligent in performing its contractual obligations. (Doc. 1, p. 6). He claims that the Defendant owed him various duties under the warranty, and the Defendant breached its duty by not performing under the contract. (Doc. 1, ¶¶ 26-30). Subsequently, the Plaintiff claims the Defendant's conduct was the actual and proximate cause of his damages. (Doc. 1, ¶ 31). The Defendant argues that the Plaintiff did not plausibly allege a claim under the theory of negligence. (Doc. 5, p.3). The Court is persuaded by the Defendant's contention.

Alabama courts have recognized that the "line of distinction between actions in tort and contract is thin and often nebulous in many instances." *Hamner v. Mut. of Omaha Ins. Co.*, 270 So. 2d 87, 90 (Ala. Civ. App. 1972). While it is difficult to make the distinction in some cases, a basic principle derived from the courts is "if

there is failure or refusal to perform a promise the action is in contract; if there is a negligent performance of a contractual duty or negligent breach of a duty implied by law…the action may be either in contract or tort." *Id. See also Vines v. Crescent Transit Co.*, 85 So. 2d 436, 440 (Ala. 1955) (holding that negligent failure to perform a contract is a breach of contract, but if performed negligently, the remedy is in tort.) Stated plainly, if an individual fails to perform a contractual obligation, the wronged party can find relief through a breach of contract action, not tort law. Alabama courts and federal courts applying Alabama law have repeatedly held there is no cause of action in tort law for failure to perform under a contract. *See e.g. U.S. Bank Nat'l Ass'n v. Shepherd*, 202 So. 3d 302, 314 (Ala. 2015) (finding "the proper avenue for seeking redress when contractual duties are breached is a breach-of-contract claim, not a wantonness claim."); *Citizens Bank & Tr. v. LPS Nat'l Flood LLC*, 51 F. Supp. 3d 1157, 1170 (N.D. Ala. 2014) (holding that federal courts sitting in Alabama have consistently found "that when the duty allegedly breached is the duty created by the contract itself as opposed to the general duty of care owed to everyone, the court must treat the claim as a breach of contract and not as a tort.")

Here, the Plaintiff is not alleging that the Defendant acted negligently in the performance of its duties. He is claiming that the Defendant's failure to act is the basis for the negligence claim. (Doc. 1, ¶ 30). As stated above, Alabama courts and federal courts in Alabama have consistently found that failure to act under a

5

contractual obligation is a breach of contract, not tort. The Plaintiff has not alleged any ways in which the Defendant acted negligently while performing its contractual duties, so there is no cognizable claim under Count II. Therefore, the Plaintiff's claim in Count II of his complaint is dismissed.

### B. Counts III & IV – Express Warranty Claim and Implied Warranty of Merchantability

In the Plaintiff's third and fourth counts, he alleges that the Defendant violated the implied warranty of merchantability regarding the treatment of his home. While the Plaintiff entitles his argument in Count III "Express Warranty Claim," the substance of his argument is primarily about the alleged violation of the implied warranty of merchantability. Accordingly, the Court will address both counts simultaneously. He claims that the Defendant violated the implied warranty of merchantability because the goods used in his home were not "fit for the ordinary purpose for which such goods are used." (Doc. 1, ¶ 43). He states that he has a cause of action because he has proof of "(1) a warranty, (2) a breach, and (3) damages resulting from that breach" (Doc. 1, p. 9) citing *Bodie* v. *Purdue Pharma Co.*, 236 F. App'x 511, 522 (11th Cir. 2007). However, the Plaintiff's reliance on this theory is incorrect, because the implied warranty of merchantability is not applicable in his case.

Article II of the Uniform Commercial Code as enacted in Alabama provides: "Unless excluded or modified [by] (Section 7-2-316), a warranty that the goods shall

be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." § 7-2-314(1), ALA. CODE 1975. The Code defines goods as "all things…which are movable at the time of identification for the contract for sale." ALA. CODE § 7-2-105(1). One of the reasons the Plaintiff's claims cannot be sustained is that a home is not considered a "good" in terms of § 7-2-314(1). Alabama courts have held that sales of realty are not within the purview of the definition of the sale of "goods" under UCC Article 2. In *Harden v. Ritter*, the Court of Civil Appeals found that the implied warranty of merchantability did not apply to the dwelling identified in the contract because it was not "fairly identifiable as movable" in accordance with Article 2's definition of goods. 710 So. 2d 1254, 1256 (Ala. Civ. App. 1997). The Court later reiterated its position in *Desouza v. Lauderdale*, 928 So. 2d 1035, 1044 (Ala. Civ. App. 2013) (holding that Alabama's version of the UCC does not apply to real-estate transactions.) As the Plaintiff's home is immovable and is not considered a good under Alabama law, § 7-2-314(1) does not apply to this warranty. Therefore, there is no violation of the implied warranty of merchantability.

Nevertheless, the Plaintiff's allegations also fail because of the nature of the warranty. The warranty that the Plaintiff describes, and the warranty plan provided to the Court, provides that it will render certain services to the Plaintiff for many years as part of the arrangement. (Doc. 1-1, p. 2). Service contracts are not governed

by Article 2, but common law. *See BMC Indus., Inc*. v. *Barth Indus., Inc*., 160 F.3d 1322, 1329 (11th Cir. 1998). Article 2 is not applicable to the Plaintiff's claim, so the implied warranty of merchantability is not applicable either. As the Plaintiff has failed to state a claim for which relief can be granted, Count III and IV of his complaint are dismissed.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Defendant's motion to dismiss Counts II-IV of the complaint is **GRANTED**.

IT IS FURTHER ORDERED that the Plaintiff shall file an amended complaint correctly listing the Defendant as **Bonded Builders Home Warranty Association of South Carolina, Inc.**, and shall **DELETE** Counts II-IV of the complaint by November 18, 2019.

IT IS FURTHER ORDERED that the parties shall schedule a discovery conference pursuant to Rule 26 of the Federal Rules of Civil Procedure by November 18, 2019.

**DONE** and **ORDERED** November 4, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE